ANNA HOLLINGSHEAD AND GEORGE HOLLINGSHEAD. PLAINTIFFS-APPELLEES, v. NICODEMUS ZEMKOSKI AND MARY ZEMKOSKI, DEFENDANTS-APPELLANTS.

LOUISE HOLLINGSHEAD, BY HER NEXT FRIEND GEORGE HOLLINGSHEAD, AND GEORGE HOLLINGSHEAD AND ANNA HOLLINGSHEAD, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. NICODEMUS ZEMKOSKI AND MARY ZEMKOSKI, DEFENDANTS-APPELLANTS.

Argued May 10, 1935—Decided August 30, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellants, *James H. Sanderson* (*Abraham I. Feltman,* of counsel).

For the appellees, *Jacob Gold* (*David Raskin* and *Joseph Moritz,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The defendants below appeal from a judgment entered upon the verdict of a jury in favor of the plain-

tiffs, in two suits consolidated for trial, to recover for alleged injuries inflicted upon them by the falling of a ceiling in their apartment rented of the defendants.

At the trial, a motion was made for nonsuit, and also for the direction of a verdict for the defendants, which motions were denied.

This appeal may be properly disposed of by a consideration of the propriety of the refusal to direct a verdict, since the rule is that the denial of a motion for nonsuit, if erroneous at the time of the denial, may be corrected by subsequent proof. *McGee* v. *Kraft,* 110 *N. J. L.* 532.

At the time the motion for a direction of a verdict was made, the evidence tended to show the following matters of fact: The plaintiff George Hollingshead was a tenant of an apartment on the second floor of the defendants' three-story, seven-family apartment house, and there resided with his family consisting of his wife and infant child. The ceiling of the kitchen in the apartment became cracked in January, 1934, and from time to time until the happening of the accident on February 12th, 1934, the tenant complained of the condition of the ceiling and the defendants promised to take care of it, but that the defendants utterly failed and neglected to do. On February 12th, 1934, the tenant and his wife, in the night time, went into the kitchen with their infant child, to prepare some hot milk for the child, and whilst so doing the ceiling fell and water came down and injured all of the plaintiffs. Thereupon the tenant called the son and agent of the defendants, and with him, using a flashlight, obtained an entrance into the "cold" apartment immediately overhead of that occupied by the plaintiffs, and there it was found that the waterback in the overhead apartment had been frozen and cracked, with "pieces of ice sticking out of the crack," and was leaking, discharging water upon the floor, which dripping water had caused the break in the ceiling in the tenant's apartment and which resulted in the injury of the plaintiffs.

The motion for the direction of a verdict, so far as we now need to consider it, was predicated upon the contention that

the overhead apartment was not under the control of the defendants, and in support of that argument it is contended that there was no evidence justifying the inference that the overhead apartment was vacant.

We think that contention and the argument relied upon to support it were properly for the consideration and determination of the jury under the evidence. There is no evidence, not even a suggestion, that the overhead apartment was occupied when the tenant, accompanied by the defendants' son, entered with a flashlight, nor at any other time that winter. Indeed the defendants say in their brief: "The fact is that the said apartment was vacant." The evidence was that it was a "cold flat," that the waterback had been and was frozen and had cracked and was thawing out, and had been slowly leaking, thereby finally resulting in the fall of the ceiling below, all of which left it open to the jury, if they saw fit, to find that the overhead apartment was vacant and under the control of the defendants and that the defendants had ample notice of the condition of the ceiling, and failed to take care of it.

Now the pertinent rule to be applied to this situation is this: Where a landlord of an apartment house, who has let several apartments to different tenants, has not demised but retained control of a certain apartment to which the tenants have no right of access and no right to make repairs, the landlord is bound to use reasonable care to see to it that defective conditions, of which he has notice, in that portion of the premises over which he retains control, do not cause injury to his tenants and their families. 36 *C. J.* 212, 217, and cases cited. Among the cases cited is *Perry* v. *Levy,* 87 *N. J. L.* 670. There, in dealing with a somewhat similar case, our Court of Errors and Appeals said: "The tenant had no control over the roof; the landlord is the only one who has such control, and it is his duty to exercise reasonable care to keep the roof in such repair that its condition will not be a source of injury to the tenants underneath." See, also, *Kinnier* v. *J. R. M. Adams, Inc. (Md.),* 120 *Atl. Rep.* 838; *Pignatario* v. *Meyers (Conn.),* 123 *Id.* 263.

The application of these principles results in the conclusion that defendants' motion for a direction of a verdict was properly denied.

The judgment will be affirmed, with costs.